UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

REGINALD HART,

      Petitioner,

v.                               Civil Action No. 2:10-cv-12795
                                 Honorable Patrick J. Duggan

JEFF WOODS,

      Respondent.

_____/

**OPINION AND ORDER**
**DENYING PETITION FOR A WRIT OF HABEAS CORPUS**
**AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

This is a habeas case filed by a state prisoner under 28 U.S.C. § 2254. Michigan Department of Corrections' inmate Reginald Hart ("Petitioner"), currently housed at the Cooper Street Correctional Facility in Jackson, Michigan, is serving a sentence of nine to twenty years for unarmed robbery. Petitioner was convicted on July 18, 2006, following a jury trial in the Circuit Court for Wayne County, Michigan. The trial court sentenced Petitioner on August 7, 2006, as a fourth-offense, habitual offender.

On July 15, 2010, Petitioner filed this *pro se* habeas petition alleging that his conviction and sentence are unconstitutional because trial counsel was ineffective for failing to object to the suggestive in-court identification, to request the appointment of an identification expert, and to move for a directed verdict (Grounds I-III, respectively); the State lost or destroyed evidence (Ground IV); the trial court improperly admitted hearsay testimony (Ground V); and appellate counsel was ineffective for failing to raise such

claims on appeal (Ground VI).  Respondent filed an answer to the petition contending that

Petitioner's claims are procedurally defaulted or lack merit.  The Court agrees with

Respondent and finds that Petitioner's conviction and sentence are constitutionally sound.

Therefore, the Court is denying Petitioner's request for habeas relief.  The Court also is

declining to issue Petitioner a certificate of appealability.

## BACKGROUND

The Michigan Court of Appeals summarized the facts of this case.  The recitation

of those facts is entitled to the presumption of correctness under 28 U.S.C. § 2254(e)(1),

and Petitioner has not demonstrated, through clear and convincing evidence, that the

summary is incorrect.  Those facts are as follows:

> At trial, complainant maintained that defendant robbed him outside a
> mini mart in Detroit on March 1, 2006.  Complainant saw defendant talking
> to the store manager.  Complainant then paid for his groceries and left the
> store.  Defendant approached him outside and asked him if he wanted to
> purchase some tapes.  As complainant was removing a bill from his money,
> defendant took the remainder of complainant's money.  Complainant swore
> at defendant and hit him in the head.  Defendant's hat flew off, but the
> complainant retrieved it.  Defendant escaped with approximately $200.
>
> Police officers corroborated complainant's identification of
> defendant.  Two officers arrived at the mini mart shortly after the robbery,
> and spoke with the store manager and complainant.  The officers and
> complainant viewed a store surveillance recording.  The video depicted
> defendant and complainant making purchases at the front counter.  An
> officer stated that the video showed defendant for "minutes" and that the
> quality of the recording was good.  Complainant pointed out defendant as
> the person who had robbed him.  He also gave the officers defendant's hat,
> which the officers[] maintained was clearly depicted on the video
> recording.[FN1]
>
> FN1. The digital recording was subsequently destroyed when the machine

automatically deleted it.

Before the preliminary examination, defense counsel requested that
defendant be permitted to sit in the spectator section of the courtroom to
force complainant to make an in-court identification of defendant. Because
of security concerns, the district court denied defendant's request.
Complainant identified defendant at the examination as the person who
robbed him. During trial, complainant identified defendant as the person in
the video and as the man who robbed him. Complainant also testified that
he was shown a photographic array of possible suspects on March 10, 2006.
He could not choose between two of the photographs, but stated that he did
not have his reading glasses with him when he was shown the photographs.

*People v. Hart*, No. 272910, 2008 WL 1883941, at *1 (Mich. Ct. App. Apr. 29, 2008)

(footnote in original).

At his two-day trial, Petitioner did not testify. He was convicted and sentenced as

previously described.

Following his sentencing, Petitioner filed a direct appeal with the Michigan Court

of Appeals raising the following claims concerning the effectiveness of trial counsel:

whether trial counsel was ineffective for failing to object to the introduction of the in-

court identification of Petitioner and for failing to obtain an expert witness to testify about

the unreliability of eyewitness identifications. On April 29, 2008, the court of appeals

affirmed his conviction and sentence. *Hart*, 2008 WL 1883941, at *1, 4. Petitioner then

filed an application for leave to appeal in the Michigan Supreme Court, which the Court

denied on September 22, 2008. *People v. Hart*, 482 Mich. 989, 756 N.W.2d 61 (2008).

On April 17, 2009, Petitioner returned to the state trial court and filed a motion for

relief from judgment under Michigan Court Rule 6.508(D) in which he asserted claims

3

raising the following issues: (1) whether counsel was ineffective for failing to move for a directed verdict and to dismiss the charges on the basis of lost potentially exculpatory evidence; (2) whether Petitioner was denied a fair trial because key evidence was lost; (3) whether the testimony of two police officers and the victim were improperly admitted where they testified that the victim identified Petitioner as the robber from the store surveillance recording; and (4) whether appellate counsel was ineffective for failing to challenge the use of that testimony.  The trial court denied Petitioner's motion on May 22, 2009.  *People v. Hart*, No. 06-003462-01 (Wayne Cnty. Cir. Ct. May 22, 2009).

Petitioner then filed a delayed application for leave to appeal that decision in the Michigan Court of Appeals, which the court denied "because defendant has failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)."  *People v. Hart*, No. 292854 (Mich. Ct. App. Nov. 10, 2009).  Petitioner filed an application for leave to appeal that decision with the Michigan Supreme Court, but the application was denied as untimely filed.  (ECF No. 8-13.)  Petitioner subsequently filed this habeas petition, signed and dated July 6, 2010.

## STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06, 120 S.Ct. 1495, 1519-20 (2000). An "unreasonable application" occurs when a state court has applied clearly established federal law in an objectively unreasonable manner. *Id.* at 409, 120 S.Ct. at 1521. Therefore, a federal habeas court may not issue a writ if it concludes the state court applied clearly established federal law merely erroneously or incorrectly. *Id.* at 411, 120 S.Ct. at 1522. The application must be unreasonable. *Id.*

The Supreme Court has explained that "[a] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340, 123 S.Ct. 1029, 1041 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. – , – , 130 S.Ct. 1855, 1862 (2010) (quoting *Lindh v. Murphy*, 521 U.S. 320, 333 n.7, 117 S.Ct. 2059, 2067 n.7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24, 123

5

S.Ct. 357, 360 (2002) (per curiam)).

"[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. – ,– , 131 S.Ct. 770, 786 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664, 124 S.Ct. 2140, 2149 (2004)).  The Supreme Court has emphasized that "[i]t bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Harrington*, 562 U.S. at – , 131 S.Ct. at 786 (citation omitted).  The Sixth Circuit observed recently that "[t]his is a very high standard, which the [Supreme] Court freely acknowledges." *Peak v. Webb*, 673 F.3d 465, 472 (6th Cir. 2012).  The *Peak* Court suggested that *Harrington* holds that the review standard "is even more constricted than AEDPA's plain language already suggests." *Id.*  Thus, pursuant to section 2254(d), "A habeas court must determine what arguments or theories supported or . . . could have supported [] the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Id.* (internal quotation omitted).  The Court must also recognize that habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. – , – , 131 S.Ct. 1388, 1398 (2011).

## DISCUSSION

## Claims Three through Six

Respondent argues that Petitioner's third through sixth grounds asserted in support

of his request for habeas relief are procedurally defaulted. The Court agrees. These claims are procedurally defaulted because Petitioner raised them for the first time when he filed his post-conviction motion for relief from judgment in the state trial court and failed to show cause and prejudice for failing to raise them earlier, as required by Michigan Court Rule 6.508(D)(3).

When the state courts clearly and expressly rely on a valid, state procedural bar, federal habeas review also "is barred unless the [petitioner] can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 2565 (1991). If a petitioner fails to show cause for his procedural default, it is unnecessary for the court to reach the prejudice issue. *See Smith v. Murray*, 477 U.S. 527, 533, 106 S.Ct. 2661, 2666 (1986). However, in an extraordinary case, where a constitutional error has probably resulted in the conviction of one who is actually innocent, a federal court may consider the constitutional claims presented, even in the absence of a showing of cause for procedural default. *Murray v. Carrier*, 477 U.S. 478, 496, 106 S.Ct. 2639, 2649 (1986). To be credible, such a claim of innocence requires a petitioner to support the allegations of constitutional error with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324, 115 S.Ct. 851, 865 (1995). Moreover, actual innocence, which would permit collateral review of a procedurally defaulted claim, means factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623, 118

7

S.Ct. 1604, 1611 (1998).

The United States Supreme Court has noted that "a procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar." *Harris v. Reed*, 489 U.S. 255, 263, 109 S.Ct. 1038, 1043 (1989) (citations omitted). If the last state-court judgment contains no reasoning but simply affirms the conviction in a standard order, the federal-habeas court must look to the last reasoned, state court judgment rejecting the federal claim and apply a presumption that later unexplained orders upholding the judgment or rejecting the same claim rested upon the same ground. *Ylst v. Nunnemaker*, 501 U.S. 797, 803, 111 S.Ct. 2590, 2594 (1991).

Michigan Court Rule 6.508(D)(3) provides that a court may not grant relief to a defendant if the motion for relief from judgment alleges grounds for relief which could have been raised on direct appeal, absent a showing of good cause for the failure to raise such grounds previously and actual prejudice resulting therefrom. In such a case, "actual prejudice" means that "but for the alleged error, the defendant would have had a reasonably likely chance of acquittal." MCR 6.508(D)(3)(b)(i). In the present case, the Michigan Court of Appeals rejected Petitioner's post-conviction appeal on the ground that Petitioner failed to meet his burden of establishing entitlement to relief under Michigan Court Rule 6.508(D). *See Hart*, No. 292854. Petitioner's application for leave to appeal that decision was rejected by the Michigan Supreme Court because it was

8

untimely.

It was once established in this Circuit that simply citing to Rule 6.508(D) constituted an adequate and independent ground on which the Michigan Supreme Court could rely in foreclosing review of federal claims. However, that changed with the Sixth Circuit's opinion in *Guilmette v. Howes*, 624 F.3d 286, 291 (6th Cir. 2010).

In *Guilmette*, the Sixth Circuit found the form orders used by the Michigan Court of Appeals in denying an appeal of a trial court's denial of a motion for relief from judgment under Michigan Court Rule 6.508(D) "ambiguous as to whether they refer to procedural default or denial of relief on the merits." *Guilmette*, 624 F.3d at 291. As such, the Sixth Circuit found that such orders were "unexplained." *Id.* Thus, this Court must look to the last reasoned, state court opinion in order to determine the basis for the state court's rejection of Petitioner's claims. *Id.*

Here, the trial judge, although addressing the merits of Petitioner's claims, did so to evaluate whether Petitioner could establish prejudice to entitle him to relief under Rule 6.508(D)(3)(b). Thus the Court of Appeals' reliance on Rule 6.508(D)(3) was an adequate and independent state ground for denying review of his claims.

The Supreme Court's decision in *Harrington*, *supra*, does not alter this Court's analysis. In *Harrington*, the Supreme Court held that "[w]hen a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Harrington*, 562 U.S. at – , 131 S.Ct. at 784-

9

85 (citation omitted).  Citing the "look through" principle discussed in *Ylst*, the *Harrington* Court further stated that "[t]he presumption may be overcome when there is reason to think some other explanation for the state court's decision is more likely."  *Id.* at – , 131 S.Ct. at 785 (citation omitted).

Here, "looking through" to the trial court's decision, it is clear that the decision explicitly imposed a procedural default.  Thus, *Harrington's* presumption that the orders denying Petitioner's constitutional claims were merits determinations does not apply.  Hence, Petitioner may only obtain habeas review of his claims if he can establish cause and prejudice or that failure to review his claims would result in a fundamental miscarriage of justice.  *Ylst*, 501 U.S. at 803, 111 S.Ct. at 2594-95.

In order to show cause for his default, Petitioner must establish that some objective factor, external to his defense, prevented him from complying with the State's procedural rule.  *Murray*, 477 U.S. at 488, 106 S.Ct. at 2645-46.  In this case, Petitioner argues that the ineffectiveness of his appellate counsel constitutes cause to excuse his failure to raise his claims during his direct appeal.  In order for attorney error to constitute cause, it must rise to the level of ineffective assistance of counsel under the standard of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984).  Petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense.  *Id.* at 689, 694, 104 S. Ct. at 2066, 2068.  The *Strickland* standard also applies to claims of ineffective assistance of appellate counsel.  *See Whiting v. Burt*, 395 F.3d 602, 617 (6th Cir. 2005).

10

Supreme Court precedent has established that a criminal defendant does not have a constitutional right to have appellate counsel raise every non-frivolous issue on appeal. *See Jones v. Barnes*, 463 U.S. 745, 751, 103 S.Ct. 3308, 3312 (1983). Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990) (citation omitted). In fact, "the hallmark of effective appellate advocacy" is the "process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail." *Smith v. Murray*, 477 U.S. at 536, 106 S.Ct. at 2667 (quoting *Jones*, 463 U.S. at 751-52, 103 S.Ct. at 3312-13). "Generally, only when ignored issues are clearly stronger than those presented will the presumption of effective assistance of appellate counsel be overcome." *Monzo v. Edwards*, 281 F.3d 568, 579 (6th Cir.2002) (quoting *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir.1986)).

Appellate counsel may deliver deficient performance and prejudice to a defendant, however, "by omitting a 'dead-bang winner,' even though counsel may have presented strong but unsuccessful claims on appeal." *Meade v. Lavigne*, 265 F. Supp. 2d 849, 870 (E.D. Mich. 2003) (citations omitted). "A 'dead-bang winner' is an issue which was obvious from the trial record . . . and one which would have resulted in a reversal on appeal." *Id.* (internal quotations and citations omitted).

In this case, Petitioner fails to show that his appellate counsel rendered ineffective assistance by omitting from his direct appeal the claims that he raised for the first time in his post-conviction motion. The Court finds that appellate counsel's action in raising

11

some issues over other issues was a strategic decision and does not constitute ineffective assistance of counsel.  Petitioner fails to show that appellate counsel's strategy in presenting some claims and not raising other claims was deficient or unreasonable or that appellate counsel omitted a dead-bang-winner.  Therefore, Petitioner cannot establish cause for his procedural default.  And because he has failed to demonstrate cause for his procedural default, it is unnecessary for the Court to reach the prejudice issue.  *Smith v. Murray*, 477 U.S. at 533, 106 S.Ct. at 2666.

Additionally, Petitioner does not present new reliable evidence to support any assertion of innocence which would allow this Court to consider these claims as a ground for a writ of habeas corpus, in spite of the procedural default.  Because Petitioner has not presented any new reliable evidence that he is innocent of these crimes, a miscarriage of justice will not result if the Court declines to review his defaulted claims.

In summary, the Court concludes that Petitioner's third through sixth claims are procedurally defaulted.  Therefore he is not entitled to habeas relief based on those claims.

### Claims One and Two

In his remaining claims, Petitioner asserts that his trial counsel was ineffective.  In his first habeas claim, he alleges that trial counsel was ineffective for failing to move to suppress the alleged suggestive in-court identification.  In his second claim, Petitioner contends that trial counsel was ineffective for failing to obtain an expert witness to testify about the unreliability of eyewitness identifications.

12

To establish ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense so as to render the trial unfair and the result unreliable. *Strickland*, 466 U.S. at 688, 104 S.Ct. at 2064; *Bigelow v. Williams*, 367 F.3d 562, 570 (6th Cir. 2004). A petitioner must meet both prongs of the test, but courts are not required to conduct an analysis under both; thus, a court need not address the question of competence if it is easier to dispose of the claim due to the lack of prejudice. *Strickland*, 466 U.S. at 697, 104 S.Ct. at 2069; *Baze v. Parker*, 371 F.3d 310, 321 (6th Cir. 2004).

Section 2254(d) governs this Court's review of Petitioner's first and second claims because the Michigan Court of Appeals adjudicated those claims on the merits during Petitioner's direct appeal. *See Sutton v. Bell*, 645 F.3d 752, 755 (6th Cir. 2011). "The standards created by *Strickland* and [section] 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Harrington*, 562 U.S. at – , 131 S.Ct. at 788 (internal and end citations omitted). "When [section] 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard. *Id.*

In his first claim, Petitioner asserts that counsel provided ineffective assistance by failing to move to suppress the victim's in-court identification of him. Petitioner argues that counsel should have objected to the identification because the victim could not positively identify him in an earlier photographic lineup and because the in-court identification of him was based on an improperly suggestive identification at the

13

preliminary examination.

Failure to move to suppress an unduly suggestive identification can form the basis of an ineffective assistance of counsel claim. *See Millender v. Adams*, 376 F.3d 520, 524-25 (6th Cir. 2004). A pre-trial identification procedure violates the Constitution if "the confrontation conducted . . . was so unnecessarily suggestive and conducive to irreparable mistaken identification that [the defendant] was denied due process of law." *Stovall v. Denno*, 388 U.S. 293, 301-02, 87 S.Ct. 1967, 1972 (1967). Similarly, a subsequent in-court identification following an impermissibly suggestive pre-trial identification is unconstitutional if the pre-trial "identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." *Simmons v. United States*, 390 U.S. 377, 384, 88 S.Ct. 967, 971 (1968).

In analyzing an unduly suggestive identification procedure, the following five factors have been deemed relevant to the "totality of circumstances" analysis: (1) the opportunity of the witness to view the criminal at the time of the crime; (2) the witness' degree of attention, (3) the accuracy of the witness' prior description of the criminal, (4) the level of certainty demonstrated by the witness at the confrontation, and (5) the length of time between the crime and the confrontation. *Neil v. Biggers*, 409 U.S. 188, 199-200, 93 S.Ct. 375, 382 (1972). The reviewing court engages in a balancing test, weighing these five factors against the "corrupting effect of the suggestive identification itself." *Manson v. Brathwaite*, 432 U.S. 98, 114, 97 S.Ct. 2243, 2253 (1977).

In addressing and rejecting Petitioner's claim, the Michigan Court of Appeals

14

applied *Strickland's* two-pronged test and concluded:

> In this case, defendant asserts that the identification at the preliminary examination was impermissibly suggestive, but he fails to support this assertion by meeting the relevant factors. Defendant states only that the identification was highly suggestive because defendant was presented as one of the accused at the defense table. Merely because an identification procedure was suggestive does not mean that it is constitutionally defective. Although a confrontation at a preliminary examination may be unduly suggestive, this Court has repeatedly indicated that not all confrontations at a preliminary examination are impermissibly suggestive.

> Here, the preliminary examination proceeding could fairly be seen as a suggestive atmosphere. The complainant, however, testified that he had observed defendant for several minutes while the two of them were in the store. He also reviewed the store's video immediately after the incident, which he described as clear. Complainant was able to identify defendant from the video, as well as to provide the police with defendant's hat, which was depicted on the video. Complainant was paying attention to defendant before and during the robbery. In addition, the preliminary examination occurred on March 23, 2006, slightly more than three weeks after the robbery. This relatively short time between the offense and the preliminary examination identification "does not reduce the reliability" of the identification. Under the totality of the circumstances, we find that defendant has failed to show that there was a substantial likelihood of misidentification, even given complainant's earlier indecision concerning the photograph showup. His failure to identify defendant during the photographic showup was instead properly presented as a credibility issue for the jury to determine. Defendant has failed to establish plain error with regard to the preliminary examination identification and therefore has also failed to show plain error with regard to the subsequent courtroom identification at trial.

> As such, defendant cannot show that the trial court would have disallowed the introduction of the in-court identification if defense counsel had challenged it. Thus, defendant has not shown that but for counsel's performance there is a reasonable probability that the trial outcome would have been different.

*Hart*, 2008 WL 1883941, at *2-3 (citations omitted). The Court of Appeals's decision

was not unreasonable.

Petitioner asserts that the pretrial procedure was unduly suggestive because the victim did not definitively identify him from a photo array. Petitioner further argues that the victim's identification of him at the preliminary examination was unduly suggestive because he was the only defendant seated at defense table.

That the victim picked two suspects out of the photo array arguably undermined his later identification of Petitioner at the preliminary examination; however, any doubt about the later identification was offset by other independent factors. Moreover, Petitioner was represented by counsel who was present when the victim was shown the photo array and no objection was made to the process. Further, while it is true that the victim picked Petitioner and one other suspect from the photo array, the victim explained that he had forgotten to bring his glasses. Moreover, even if the victim had picked no one from the photo array, this would not have rendered his later in-court identification inadmissible. Nor does the fact that Petitioner was sitting at the defense table when the victim identified him at the preliminary examination render the in-court identification inadmissible.

The record reveals that the victim saw Petitioner in the mini mart before the robbery. The victim also had the opportunity to get a good look at Petitioner during the actual robbery. Additionally, Petitioner was identified as the man in the store video by two police officers. The arresting officer testified that he arrested Petitioner wearing the same jacket and boots he was wearing in the video. Finally, the victim's and the police

16

officer's testimony and the circumstances surrounding their identification of Petitioner were subject to cross-examination by defense counsel.

As such, the Court finds that the state court of appeals fully articulated and applied the established two-pronged *Strickland* standard for analyzing Petitioner's ineffective assistance of counsel claim. Accordingly, Petitioner is not entitled to habeas relief with respect to this claim.

In his second claim, Petitioner asserts that trial counsel was ineffective for failing to obtain an identification expert. The Michigan Court of Appeals reviewed this claim and concluded that the decision whether to present expert testimony was one of trial strategy and could not be deemed deficient:

> Decisions regarding what evidence to present and whether to call or question witnesses are presumed to be matters of trial strategy. Because our review limited to the existing record, we find that defendant has not overcome the presumption that counsel may have declined to request an expert witness on identification as a matter of trial strategy. This Court has held that a decision to not present such expert testimony might be strategic because counsel may reasonably have been concerned that the jury would react negatively to perhaps lengthy expert testimony that it may have regarded as only stating the obvious: memories and perceptions are sometimes inaccurate.

> In addition, defendant cannot show that the alleged failure to present expert testimony deprived him of a substantial defense. Defense counsel was able to pursue other available methods for attempting to discredit complainant's identification testimony, including vigorous cross-examination. In contrast, defendant's assertions on appeal about the necessity of an expert witness are largely speculative, pertaining to the weaknesses of eyewitness testimony generally. He asks this Court to assume that expert testimony would have been so beneficial to the defense that it would have resulted in a different outcome at trial. We decline to do so.

17

*Hart*, 2008 WL 1883941, at *3-4 (internal quotations marks and citations omitted).  The court's analysis of this claim also was not unreasonable.

"No precedent establishes that defense counsel must call an expert witness about the problems with eyewitness testimony in identification cases or risk falling below the minimum requirements of the Sixth Amendment." *Perkins v. McKee*, 411 F. App'x 822, 833 (6th Cir.), *cert. denied*, – U.S. – , 132 S.Ct. 230 (2011).  Moreover, although Petitioner's trial counsel did not call an expert witness to testify regarding the problems of eyewitness identification, counsel vigorously cross-examined the victim about the problems with his identification.  Several courts have found a defense attorney's cross-examination of an eyewitnesses to be a sufficient method of attempting to deal with the issues presented by eyewitness testimony.  *See, e.g., Woodward v. Thaler*, 414 F. App'x 675, 680-81 (5th Cir. 2011) (citing *Cantu v. Collins*, 967 F.2d 1006, 1016 (5th Cir. 1992)); *Jones v. Smith*, 772 F.2d 668, 674 (11th Cir. 1985); *Lee v. Curtin*, No. 1:09-cv-66, 2011 WL 7169258, at *10 n.4 (W.D. Mich. Dec. 14, 2011) (collecting cases).

While trial counsel's decisions as to what evidence to present and which witnesses to call generally are presumed to be a matter of trial strategy, the failure to call witnesses or present evidence may constitute ineffective assistance of counsel when it deprives a defendant of a substantial defense.  *Chegwidden v. Kapture*, 92 F. App'x 309, 311 (6th Cir. 2004).  Nevertheless, Petitioner fails to show that counsel's failure to call an expert witness deprived him of a substantial defense.  Petitioner claims that the victim's identification was the only evidence linking him to the crime.  However, as set forth

18

above, a videotape of the mini mart, the testimony of two police officers, and Petitioner's

hat, linked him to the crime.  Trial counsel thoroughly cross-examined the witnesses

regarding their identification of Petitioner.  Trial counsel may reasonably have concluded

that such cross-examination was effective in revealing the failings of eye-witness

testimony.

     Additionally, the trial court properly instructed the jury regarding identification

testimony:

> One of the issues in this case is the identification of the defendant as the person who committed the crime.
>
> The prosecutor must prove beyond a reasonable doubt that the crime was committed and the defendant was the person who committed it.
>
> In deciding how dependable an identification is think about such things as how good a chance the witness had to see the offender at the time, how long the witness was watching, whether the witness had seen or known the offender before, how far away the witness was, whether the area was well lighted, and the witness's state of mind at that time.
>
> Also think about the circumstances at the time of the identification, such as how much time had passed since the crime, how sure the witness was about the identification and the witness's state mind during the identification.
>
> You should examine the witness's identification testimony carefully. You may consider whether other evidence supports the identification cause then it may be more reliable.  However, you may use the identification testimony alone to convict the defendant as long as you believe the testimony and you find it proves beyond a reasonable doubt the defendant was the person who committed the crime.

(7/18/06 Trial Tr. at 37-37.)

     For these reasons, Petitioner fails to show that his trial counsel's decision to not

call an identification expert deprived him of a substantial defense or a fundamentally fair trial. The reliability of the victim's identification of Petitioner was effectively made an issue at trial. Petitioner has not shown how the appointment of a witness identification expert would have aided his defense. Under the circumstances of this case, it was neither unreasonable nor prejudicial for trial counsel to not call an identification expert. Counsel's representation did not fall below an objective level of reasonableness, nor could his failure to call an identification expert prejudice Petitioner's case in light of the evidence against him.

Therefore, the Court finds that the Court of Appeals's rejection of this claim was neither contrary to, nor an unreasonable application of, clearly established Supreme Court precedent. Habeas relief is not warranted on this claim as well.

## CERTIFICATE OF APPEALABILITY

When a district court enters a final order adverse to an applicant for a writ of habeas corpus, the court must issue or deny a certificate of appealability. Rule 11(a), Rules Governing § 2254 Cases. A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327, 123 S.Ct. at 1034. However, when a district court denies habeas relief on procedural grounds without reaching the petitioner's

20

constitutional claims, a certificate may issue if the petitioner shows that jurists of reason would find it debatable whether (1) the petition states a valid claim of a denial of a constitutional right, and (2) the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484-85, 120 S.Ct. 1595, 1604 (2000).

The Court does not believe that jurists of reason would find the correctness of its rulings debatable, for the reasons stated above. The Court therefore declines to issue Petitioner a certificate of appealability.

## CONCLUSION

For the reasons set forth above, the Court concludes that Petitioner is not entitled to habeas relief and that a certificate of appealability is not warranted.

Accordingly,

**IT IS ORDERED**, that Petitioner's application for the writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 is **DENIED**;

**IT IS FURTHER ORDERED**, that the Court declines to issue Petitioner a certificate of appealability.

Dated: October 22, 2012                    s/PATRICK J. DUGGAN
                                           UNITED STATES DISTRICT JUDGE


Copy to:

Reginald Hart, #194192
Cooper Street Correctional Facility
3100 Cooper Street
Jackson, MI 49201
AAG Bruce H. Edwards